UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY,<br>660 Pennsylvania Avenue, SE, #302<br>Washington, DC 20003<br><br>    *Plaintiff,*<br><br>vs.<br><br><br>UNITED STATES<br>DEPARTMENT OF AGRICULTURE<br>1400 Independence Avenue, SW<br>Washington, DC 20250<br><br>    *Defendant.* | Case No. 1:14-cv-00955<br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## COMPLAINT

Plaintiff Center for Food Safety alleges as follows:

### I.   NATURE OF ACTION

1.   Plaintiff Center for Food Safety (CFS) brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Through a FOIA request, CFS has sought records from Defendant United States Department of Agriculture (USDA) related to genetically engineered (GE) oranges and other GE citrus.  Defendant has violated FOIA by failing to adequately respond to the request within the statutorily prescribed time limit, failing to disclose the requested documents, and unlawfully withholding the requested information.  CFS now asks the Court to order Defendant to respond to the request and produce all responsive agency records improperly withheld from the Plaintiff.

1

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

3. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because no real property is involved in this action and Plaintiff is incorporated and has its principal place of business in this district. Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

5. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

## III. PARTIES

6. Plaintiff CFS is a national nonprofit organization incorporated in Washington, District of Columbia, with offices in Washington, District of Columbia; Portland, Oregon; San Francisco, California; and Honolulu, Hawai'i. CFS represents more than 500,000 farmer and consumer members throughout the country who support safe, sustainable agriculture.

7. CFS is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 522(a)(4)(A)(iii). CFS is dedicated to protecting human health and the environment by advocating thorough, science-based safety testing of GE products prior to any marketing; cultivation of GE crops in a manner that minimizes any risk of contaminating conventional food supplies or the environment, and that minimizes negative impacts such as increased use of pesticides and evolution of herbicide-resistant weeds; and appropriate labeling

of foods that are or contain GE products. CFS also seeks to provide consumers with a means of identifying genetically engineered foods on the market and to encourage full public participation in defining the issues presented by GE crops.

8. A cornerstone of CFS's mission is to inform, educate, and counsel its members and the public on the harm done by industrial agriculture to human health, animal welfare, and the environment, including the cultivation of GE crops that are designed to withstand the application of toxic herbicides, such as GE citrus. CFS utilizes regulatory actions, citizen engagement, legislation, and when necessary, litigation, to promote transparency and accountability in agriculture. To support its mission, CFS regularly seeks, uses, and distributes public records.

9. Defendant USDA is an agency of the United States, within the meaning of 5 U.S.C. § 552(f)(1), and has a duty to provide public access to documents in its possession consistent with the requirements of FOIA. It has possession of, and control over, the records that CFS seeks, and is denying Plaintiff access to its records in contravention of federal law.

## IV.   STATUTORY FRAMEWORK

10. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A), (f).

11. In furtherance of its design to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

12. An agency must comply with a FOIA request by issuing a determination within twenty days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

13. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

14. An agency must immediately notify the requester of the determination and the reasons for it, and of the right of such person to appeal an adverse determination. The agency has twenty days to make a determination with respect to any appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

15. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies 5 U.S.C. § 552(a)(6)(C)(i).

16. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

V. **FACTUAL BACKGROUND**

17. GE crops are the subject of great public interest both in the United States and abroad. Controversial issues that continue to generate public interest and debate surrounding GE crops include the growing control of seed supply by agrochemical firms, their inability to live up to the promises made for them, transgenic contamination of non-GE crops, and the adverse environmental impacts associated with their use.

18. GE citrus have been genetically altered to resist citrus-greening, which is also called citrus blight or huanglongbing. Citrus greening is a disease caused by the bacterium

*Candidatus Liberibacter asiaticus*, which affects all citrus cultivars and causes tree decline. Citrus greening has been linked to over sixty million dollars of losses to the citrus industry.

19. On August 21, 2013, CFS submitted a FOIA request to USDA related to GE oranges and other GE citrus. Specifically, CFS requested:

> GE Oranges:
> 1. All documents, including permit applications, permits, and notifications, related to GE oranges, including but not limited to information on field trials, permits and notifications, of GE oranges.
> 2. All documents, including Decision Worksheets or any other authorizing documents prepared pursuant to the National Environmental Policy Act (NEPA) on GE oranges.
>
> All other GE Citrus:
> 1. All documents, including permit applications, permits, and notifications, related to GE oranges, including but not limited to information on field trials, permits and notifications, of all other GE citrus varieties.
> 2. All documents, including Decision Worksheets or any other authorizing documents prepared pursuant to the National Environmental Policy Act (NEPA) on GE citrus.
>
> "All documents" includes, but is not limited to, all NEPA compliance documents, NEPA Decision Worksheets, documents related to letters of inquiry, permits, permit applications, notifications, agreements, contracts, correspondence, minutes, memoranda, plans, emails, reports, databases, and notes. This request includes all documents that have ever been within your custody or control, whether they exist in agency "working," investigative, retired, electronic mail, or other files currently or at any other time.

21. On September 11, 2013, USDA's FOIA Officer notified CFS by telephone of the agency's request to narrow the scope of the submitted FOIA request. USDA did not indicate the scope of the documents that the agency expected to produce or withhold and suggested to schedule a conference call to narrow the scope of the request.

22. On September 16, 2013, CFS conducted a conference call with USDA in an

effort to comply with USDA's request to narrow the scope. USDA provided CFS with an Excel spreadsheet that showed the records that were found upon the USDA's search in response to CFS's FOIA request and listed the documents that USDA would produce pursuant to CFS's request. USDA indicated that it would produce documents on a staggered basis and asked that CFS identify the documents they wished to receive first.

23. On September 16, 2013, CFS did this by highlighting those priority documents on the spreadsheet provided by USDA and submitting it to USDA via e-mail. All parties mutually agreed to USDA's proposal to proceed by first producing the documents that CFS highlighted. More than one month passed and CFS had received no documents and no response from USDA.

24. On October 29, 2013, USDA sent an e-mail response to CFS's September, 2013 inquiry, stating:

> I am working on this information for you. Not using the furlough as an excuse but it did set us back a little. I am working diligently to get a partial or two to you though.
> Tamara

25. On November 20, 2013, CFS received another e-mail from USDA:

> My apologies for not getting any documents to you yet. I was pulled to work on a very important project. I was out of the office yesterday, that's why I'm just responding to your email. I'm trying my best to get a batch out to you asap. Please give me a call on Thursday anytime before 9 or after 10:30am so that we can discuss. Thank you for your patience.
> Tamara M. Wade 301/851-4077

26. In a telephone conversation with CFS on November 21, 2013, the USDA FOIA officer said she did not have the spreadsheet with the highlighted documents that CFS identified on September 16, 2013 as priority documents for the staggered production of the requested

records.  That same day and during the same telephone conversation, CFS resubmitted the highlighted spreadsheet to USDA and waited until the USDA FOIA officer confirmed receipt. USDA FOIA officer suggested to e-mail CFS "tomorrow" after she spoke with her new supervisor to set a finite timeframe that she "hope[d] to stick with" and that she would also let CFS know which documents from the spreadsheet she has already obtained.  CFS never received this information.

27. On December 10, 2013, CFS again inquired about the status of the FOIA request. The USDA FOIA officer responded that she needed to speak with her new supervisor to create a timeframe and that CFS's request was a priority next to another lawsuit.  The USDA FOIA officer assured CFS that she would send a definitive timeline "tomorrow."

28. On December 12, 2013, CFS received the following e-mail,

> This first batch date to receive records is not set in stone because I have not gotten a response back about whether all the records need to go back to the submitter yet.  I anticipate getting some documents to you by December 31, 2013; hopefully I will get a response back about the documents.  I'm sorry that I can't give you a definite date, the process when having to send the documents back to the submitter is a bit lengthy depending on how the submitter responds.  But we have to give the submitter rights to look over the documents before we can actually review and just send them out.  I hope this helps a little bit.  I will keep you posted once I get a response back about the documents.  Thank you in advance.
> Tamara Wade

29. On January 7, 2014, CFS inquired about the status of the FOIA request.  USDA did not reply to CFS's inquiry.

30. Since December 12, 2013, CFS has not received any additional updates in response to this request and has not been contacted by any individual from any division within USDA.

7

31. To date, CFS has not received any documents in response to its initial FOIA request, nor has it received any of the documents identified on the spreadsheet pursuant to the agreement to produce the documents on the staggered schedule.

32. Plaintiff CFS has fully exhausted its administrative remedies. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C). Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32 in the Complaint as if fully set forth herein.

34. CFS made a proper FOIA request for information relating to GE oranges and other GE citrus. 5 U.S.C. § 552(a)(3)(A).

35. USDA's failure to respond adequately to the request within statutory timelines is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

36. USDA's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

37. USDA's wrongful withholding of the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Declare as unlawful USDA's failure to respond to Plaintiff's FOIA request;

B. Declare as unlawful USDA's failure to disclose records that Plaintiff has requested;

C. Order USDA to expeditiously produce all records requested by Plaintiff;

D. Exercise close supervision over USDA as it processes Plaintiff's request;

E. Award to Plaintiff all costs and reasonable attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E) or any other law; and

F. Grant other and further relief as the Court may deem just and proper.

Dated this 5th day of June, 2014.

Respectfully submitted,

/s/ Donna F. Solen
DONNA F. SOLEN (D.C. Bar No. 465098)
Center for Food Safety
303 Sacramento St., 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Email: dsolen@centerforfoodsafety.org

*Counsel for Plaintiff*